UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BLAKE,<br>CDCR #T-77278,<br><br>                     Plaintiff,<br><br>vs.<br><br>CALVIN A. CALALANG, Correctional Officer,<br><br>                     Defendant. | Case No.: 21-cv-1875-MMA (AHG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>[Doc. No. 2] |

Plaintiff Tom Blake, a transgender inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff claims a Correctional Officer at RJD used excessive force against her on February 26, 2021, in violation of the Eighth Amendment. *Id.* at 1, 2–4. She alleges to have sustained a sprained hand and wrist as a result. *Id.* at 3–4. Blake seeks $2,000,000 in compensatory and punitive damages. *Id.* at 6.

Blake did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when she filed her Complaint; instead, she filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

### I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of her IFP Motion, Blake has submitted a copy of her CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* Doc. No. 2 at 4–7; 28 U.S.C. § 1915(a)(2); CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Blake has carried an average monthly balance of $713.87 and had an average monthly deposit of $353.59 to her account over the 6-month period immediately preceding the filing of the Complaint. She further maintained an available balance of $173.48 at the time of filing. *See* Doc. No. 2 at 5, 7.

Based on this accounting, the Court **GRANTS** Blake's Motion to Proceed IFP and assesses an initial partial filing fee of $142.77 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Blake's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Blake and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

Because Blake is a prisoner and is proceeding IFP, her Complaint also requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.   Factual Allegations**

According to the Complaint, on the morning of February 26, 2021, after both Blake and her cellmate returned to their cell with breakfast food trays, RJD Correctional Officer Calalang reopened their cell door half way. *See* Compl. at 3. Blake entered the doorway to ask Calalang if it was time for "pill call," but as she did, she alleges Calalang "immediately shut the door button" and "smashed" Blake's hand and wrist in the door. *Id.* As Blake "screamed from the pain," she alleges she "looked out [her] window up at

the tower" and witnessed Calalang smiling. *Id.* After a few minutes, the cell door opened again. Blake alleges she approached the tower podium, called Calalang's name several times, cursed, accused him of "smash[ing] the door on [her] purposely," and threatened to "report [Calalang] to [his] Sgt./Supervisor." *Id.* Blake claims Calalang replied: "That's it[.] Your cell is capped for the day," and then told Blake she would be "receiving a 115 Rule Violation." *Id.* at 4. Blake responded with sexual epithet, and requested medical attention from the "floor staff." *Id.* Blake was sent to "TTA" where she was provided pain medication and an x-ray which revealed a sprained wrist. *Id.* Blake contends Calalang "closed the door on [her] maliciously," "has a history of smashing the door on people," and "used the cell door as weapon to cause harm and pain." *Id.* at 2, 4. In support, Blake attaches the declarations of several inmates who either witnessed the February 26, 2021 incident, or who otherwise attest as to Calalang's propensity to "antagonize inmates who are E.O.P." by closing them in cell doors. *Id.* at 21–28. In the CDCR 602 Inmate/Staff Misconduct Appeal Blake also filed and attaches as an exhibit to her Complaint, she further claimed Calalang's "assault" was "malicious and sadistic" and that he intended to "cause unwanton [sic] pain" because he is "homophobic, and discriminat[es] toward transgenders." *Id.* at 11, 14.

**C.     Discussion**

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

As currently pleaded, the Court finds Blake's Complaint alleges a plausible excessive force claim against Correctional Officer Calalang sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates

the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *see also Caddell v. Gittere*, No. 3:19-CV-00053-MMD-WGC, 2019 WL 11825611, at *2–*3 (D. Nev. Nov. 25, 2019) (finding allegations that correctional officer deliberately pinned prisoner's head in steel cell door while he reached for a roll of toilet paper sufficient to "state[] a colorable excessive force claim" under the Eighth Amendment).

Therefore, the Court will order the U.S. Marshal to effect service upon Officer Calalang on Blake's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

## III. C<small>ONCLUSION</small>

For the foregoing reasons, the Court **GRANTS** Blake's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). The Court **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Blake's trust account the $142.77 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward that initial fee, as well as whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Blake's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME

---

[2] Blake is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

AND NUMBER ASSIGNED TO THIS ACTION. The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

The Court further **DIRECTS** the Clerk to issue a summons as to Blake's Complaint, Doc. No. 1, upon Defendant Calalang and forward it to Blake along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Blake with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendant Calalang. Upon receipt of this "IFP Package," Blake must complete the USM Form 285 as completely and accurately as possible, include an address where Defendant Calalang may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

The Court **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Calalang upon receipt and as directed by Blake on the completed USM Form 285, <u>and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

The Court **ORDERS** Defendant Calalang, once served, to reply to Blake's Complaint, and any subsequent pleading Blake files in this matter in which Calalang is named as a party, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

The Court **ORDERS** Blake, after service has been effected by the U.S. Marshal, to serve upon Defendant Calalang, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Blake must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant Calalang or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED**.

Dated: February 23, 2022

HON. MICHAEL M. ANELLO
United States District Judge